GARY M. RESTAINO
United States Attorney
District of Arizona
NOEL C. CAPPS
Assistant U.S. Attorney
Arizona State Bar No. 014361
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4449
Telephone: (602) 514-7500
Main Fax: (602) 514-7693
Email: Noel.Capps@usdoj.gov
*Attorneys for the United States*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Robert Kesterson, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Louis DeJoy Postmaster General; United States Postal Service; WestPac Retail and Delivery Area Agency,<br><br>Defendants. | No. CV-22-01562-PHX-SMM<br><br>**MOTION TO DISMISS** |

Defendant Louis DeJoy, Postmaster General, through counsel and pursuant to Rule 12(b)(5) and (6), Federal Rules of Civil Procedure ("Rule"), moves to dismiss Plaintiff's complaint (Doc. 1). The complaint fails to state a claim upon which relief can be granted under the Americans with Disabilities Act ("ADA", 42 U.S.C. §§ 12101, *et seq.*) or the Arizona Civil Rights Act ("ACRA", A.R.S. §§ 41-1401, *et seq.*). Plaintiff was an employee of the United States Postal Service at all relevant times. (Doc. 1 at 2 ¶ 4). Plaintiff asserts claims under the ADA and ACRA arising out of his federal employment for alleged (1) failure to reasonably accommodate his disability, (2) discrimination and (3) retaliation. (Doc. 1 at 7-11 ¶¶ 45-74). However, the exclusive remedy for Postal Service workers alleging discrimination in employment on the basis of a handicap is under § 501 of the Rehabilitation Act, 29 U.S.C. § 791(b).[1] Such private right of action under § 505(a)(1), 29 U.S.C. § 794a(a)(1), includes the rights and remedies under Title VII of the Civil Rights

---
[1] The Rehabilitation Act of 1973, 29 U.S.C. §§ 701, *et seq.*

Act of 1964, 42 U.S.C. §§ 2000e-16, and is, therefore, dependent upon the exhaustion of administrative remedies as a condition precedent to suit, like a statute of limitations, and subject to waiver, estoppel, and equitable tolling.

Any amendment of the complaint to assert a claim under the Rehabilitation Act would be futile because Plaintiff failed to exhaust administrative remedies—by failing to file a formal complaint of discrimination within 15 days of receipt of the notice of the right to file such complaint, pursuant to 29 C.F.R. § 1614.106(b)—and such failure is not excused by waiver, estoppel, or equitable tolling. Plaintiff's failure to exhaust administrative remedies is fatal to his claim. Defendants United States Postal Service and WestPac Retail and Delivery Area Agency are also not proper defendants. 42 U.S.C. § 2000e-16(c). Plaintiff further failed to effectuate sufficient service of process under Rule 4(i)(2) because he did not serve the Attorney General of the United States. (Docs. 6-8).

Pursuant to Local Rule of Civil Procedure 12.1(c), undersigned counsel certifies that he conferred with Plaintiff's counsel prior to filing this motion. *See* **Ex. 1,** Notice of Certification of Conferral.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I.  Legal Standards
#### A.  Rule 12(b)(6)

"[T]o survive a motion to dismiss under Rule 12(b)(6), a party must allege 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. [] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Simpson v. DeJoy*, CV-20-00495-PHX-DWL, 2021 WL 2416831, at *4 (D. Ariz. Jun. 14, 2021) (cleaned up), *citing* and *quoting In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1144 (9th Cir. 2013), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "'[A]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party.'" *Simpson, id.* at *4, *quoting In re Fitness Holdings*, 714 F.3d at 1445-1446. Mere legal conclusions posited as factual allegations need not be accepted by the court, and "'[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice.'" *Simpson, id.* at *4, *citing* and *quoting Iqbal*, 556 U.S. at 679-680. "Rule 12(b)(6) dismissal for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim." *A.P.F. v. United States*, 492 F.Supp.3d 989, 998 (D. Ariz. 2020), *citing Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011).

The court "may 'consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters subject to judicial notice[.]'" *Mendoza v. Amalgamated Transit Union International*, 30 F.4th 879, 884 (9th Cir. 2022). *See also United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."). *Id.* Plaintiff attached to his complaint as Ex. A, a copy of the United States Postal Service EEO Dismissal of Formal EEO Complaint (Doc. 1 at 14-17), and a copy of the United States Postal Service EEO Dispute Resolution Specialist's (DRS) Inquiry Report (Doc. 1 at 18-20). The Court may consider these materials without converting this motion to dismiss into a motion for summary judgment.

**B.     Rule 12(b)(5)**

Rule 12(b)(5) authorizes a defendant to move for dismissal due to insufficient service of process. *See* Fed. R. Civ. P. 12(b)(5). A federal court cannot exercise jurisdiction over a defendant unless the defendant has been properly served under Rule 4. *Direct Mail Specialists, Inc. v. Eclat Computerized Tech.*, 840 F.2d 685, 688 (9th Cir. 1988). Without substantial compliance with Rule 4, "'neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction.'" *Id.* (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986), *amended*, 807 F.2d 1514 (9th Cir. 1987)). "Once service is challenged, [a] plaintiff[] bear[s] the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). A plaintiff can meet his prima facie burden to show that service was proper by producing the process server's affidavit of service. *Wells Fargo Bank NA v. Kuhn*, 2014 U.S. Dist. LEXIS 190289, 2014

WL 12560870, at *2 (C.D. Cal. July 23, 2014). To date, Plaintiff has not effectuated requisite service on the United States pursuant to Rule 4(i)(2). (Doc. 6-8).[2]

**II.     The Rehabilitation Act is the Exclusive Remedy for Plaintiff's Federal Workplace Discrimination Claims**

The Rehabilitation Act of 1973, 29 U.S.C. §§ 701, *et seq.*, prohibits federal agencies from discriminating against disabled persons in employment matters. The Rehabilitation Act is the exclusive remedy for Plaintiff's federal employment discrimination claims. *See Boyd v. U.S. Postal Service*, 752 F.2d 410, 413 (9th Cir. 1985) ("[S]ection 501 is the exclusive remedy for discrimination in employment by the Postal Service on the basis of handicap."). *Id. See also*, *Johnston v. Horne*, 875 F.2d 1415, 1419 (9th Cir. 1989) (Holding that Section 501 (29 U.S.C. § 791) "is the exclusive remedy for handicap discrimination claims by federal employees[]"; acknowledging circuit split whether federal employee may also sue under 29 U.S.C. § 794, and holding that "a federal employee, … may not under § 794 sue the federal employing agency." ). *Id.* (citation omitted), *overruled on other grounds by Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990). "It is well-settled that the federal government is excluded from the ADA's definition of 'employer.'" *Jackson v. Napolitano*, CV-09-1822-PHX-LOA, 2010 WL 94110, at *3 (D. Ariz. Jan. 5, 2010), *citing* 42 U.S.C. § 12111(5)(B)(i). "'Based on this exclusion, federal courts have concluded that the ADA provides no remedy to federal employees.'" *Jackson*, *id., quoting Daniels v. Chertoff*, CV- 06-2891-PHX-JAT, 2007 WL 1140401, *2 (D. Ariz. Apr. 17, 2007), and *citing Calero-Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 11 n.1 (1st Cir. 2004) ("[T]he ADA is not available to federal employees"); *Henrickson v. Potter*, 327 F.3d 444, 447 (5th Cir. 2003) ("[T]he entire federal government is excluded from coverage of the ADA"); *Rivera v. Heyman*, 157 F.3d 101, 103 (2nd Cir. 1998) (Holding that as a federal employee plaintiff "has no remedy for employment discrimination under the ADA"); and *Enica v. Principi*, 544 F.3d 328, 338 n.11 (1st Cir. 2008) ("As a federal employee, [plaintiff] is covered under the Rehabilitation Act and not

---

[2] Specifically, Plaintiff has failed to comply with Rule 4(i)(1)(B) ("send a copy of [summons and complaint] by registered or certified mail to the Attorney General of the United States at Washington, D.C.").

the ADA.").

Because the Rehabilitation Act is Plaintiff's exclusive remedy, the complaint fails to state a claim upon which relief can be granted under the ADA or ACRA and such claims are properly dismissed.[3] Furthermore, any amendment to the complaint adding claims under the Rehabilitation Act would be futile because Plaintiff failed to exhaust his administrative remedies, as discussed below, and such failure is not excused by waiver, estoppel, or equitable tolling.

### A. The Private Right of Action Under the Rehabilitation Act Incorporates the Rights and Remedies Under Title VII.

The private right of action under the Rehabilitation Act, embodied in § 505(a)(1) (29 U.S.C. § 794a(a)(1)), incorporates the rights and remedies under Title VII, including the requirement of exhaustion of administrative remedies:

> Section 501 of the [Rehabilitation] Act in its original form required federal agencies, including the Postal Service, to adopt affirmative action plans for employment of the handicapped, but it contained no private right of action. In 1978 Congress added such a right by enacting section 505(a)(1), 29 U.S.C. § 794a(a)(1), which provided that the rights and remedies available under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-16, were available to a person complaining of discrimination in violation of Section 501. **One effect of this incorporation was that the requirement of exhaustion of administrative remedies applicable to federal employees under Title VII was imported into claims brought under section 501.**

---

[3] The ADA and ACRA claims are also properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1). *See Davis v. Burwell*, CV-14-08012-PCT-ESW, 2016 WL 51246, *4 (D. Ariz. Jan. 5, 2016) ("Because Plaintiff's claims rely on the ADA which expressly excludes federal employers from the Act's coverage, the Court has no authority but to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction. Plaintiff's disability discrimination claims are not cognizable under the ADA."). *Id.* As to the ACRA, the United States has not waived sovereign immunity from lawsuits against it under this state act. *See Davis, id.*, at *3 ("As a general rule, the United States has sovereign immunity from lawsuits brought against it by private citizens unless the United States consents to suit by an express waiver."). *Id.* (citations omitted). Alternatively, Plaintiff failed to exhaust his administrative remedies, as discussed below. *See Lopez v. Produce Exchange*, 171 F. App'x 11, 12 (9th Cir. 2006) ("We have held previously that Title VII and the [ACRA] are 'generally identical,' and that federal Title VII law has been 'persuasive in the interpretation of [the ACRA]'."). *Id.* (citation omitted).

*Boyd*, 752 F.2d at 412-413, *citing Brown v. General Services Administration*, 425 U.S. 820, 832 (1976) (emphasis added). "In order to bring a claim under the Rehabilitation Act, a federal employee must exhaust available administrative remedies." *Cherosky v. Henderson*, 330 F.3d 1243, 1245, 1248 (9th Cir. 2003) (Holding Postal Service employees' Rehabilitation Act claims were time-barred because they failed to timely contact an EEOC Counselor pursuant to 29 C.F.R. § 1614.105(a)). Pursuant to the authority provided to it under 42 U.S.C. § 2000e-16(b), the EEOC issued pre-complaint processing regulations which, among other things, require:

- An aggrieved person to initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory (29 C.F.R. § 1614.105(a)(1)); and
- An aggrieved person to file a formal complaint of discrimination with the agency that allegedly discriminated against the complainant within 15 days of receipt of the notice of the right to file such complaint (29 C.F.R. § 1614.106(b)).

"Pursuant to its authority, the EEOC issues rules and regulations implementing the provisions of Title VII. 42 U.S.C. § 2000e-16(b). Regulations, properly promulgated, have the force and effect of law." *Sager v. McHugh*, 942 F. Supp.2d 1137, 1142 n.1 (W.D. Wash. 2013), *citing United States v. Nixon*, 418 U.S. 683, 695 (1974) and *McKart v. United States*, 395 U.S. 185, 195 (1969). "These rules are not mere technicalities, but integral parts of Congress's statutory scheme of achieving a 'careful blend of administrative and judicial enforcement powers.'" *Sager*, 942 F. Supp.2d at 1142, *quoting Brown*, 425 U.S. at 833. "Accordingly, failure to timely file an EEO complaint, absent any lawful justification for such a failure, should normally result in dismissal of the complaint with prejudice….It is undisputed that Sager failed to comply with the 15-day filing deadline."). *Sager*, 942 F. Supp.2d at 1142-1143, *citing* 29 C.F.R. § 1614.107(a)(1) and (2), and *Leorna v. United States Dep't of State*, 105 F.3d 548, 550-551 (9th Cir. 1997). *See also e.g. Belgrave v. Pena*, 254 F.3d 384, 386 (2nd Cir. 2001) (Holding plaintiff's EEO complaint untimely filed, twenty-two days after notice of right to file instead of within fifteen days and affirming summary

judgment for defendant); *Zarski v. Potter*, 31 F. App'x 555, 556 (9th Cir. 2002) ("The district court properly dismissed Zarski's action because he failed to exhaust administrative remedies by filing an [EEO] complaint within fifteen days of receiving notice of his right to do so."), *citing* 29 C.F.R. § 1614.106(b), and *Leorna*, 105 F.3d at 551 ("If the matter cannot be resolved informally, a complaint must be filed with the agency within fifteen days of the conclusion of the pre-complaint processing."), *citing* 29 C.F.R. § 1614.106; *Huss v. U.S. Postal Service*, 43 F. App'x 124, 124 (9th Cir. 2002) ("The district court properly granted summary judgment because Huss did not file a formal Equal Employment Opportunity complaint within 15 days of the conclusion of pre-complaint processing."), *citing* 29 C.F.R. § 1614.106(b), and *Leorna, id.*; *Johnson v. Henderson*, 314 F.3d 409, 417 (9th Cir. 2002) (Holding summary judgment warranted because plaintiff failed to file administrative complaint within fifteen days following receipt of notice of right to file same); *Camper v. Potter*, No. CV-07-2251-PHX-GMS, 2009 WL 2714023, at *2 (D. Ariz. Aug. 27, 2009) ("[A] plaintiff is required to file a formal complaint within fifteen days of receiving notice that allegations of discrimination cannot be informally resolved. 29 C.F.R. § 1614.106(b)"— finding "Plaintiff did not meet this requirement."); *Anthony-Pierre v. Mattis*, No. 3:16-cv-00023-SLG, 2018 WL 3016915, at *5 (D. Ak. Jun. 15, 2018) (Granting summary judgment—plaintiff's administrative complaint untimely filed under 29 C.F.R. § 1614.106(b)); *Taylor v. Pritzker*, No. 1:12-CV-01931-AWI-JLT, 2015 WL 4662031, at *6 (E.D. Cal. Aug. 5, 2015) ("Accordingly, failure to timely file an EEO complaint, absent any lawful justification for such a failure, should normally result in dismissal of the complaint with prejudice."); *Haag v. Astrue*, No. CV 08-02205 MMM (JTLx), 2009 WL 10671630, at *6 (C.D. Cal. May 14, 2009) (Court agrees that "because Haag failed to file an EEOC complaint in a timely manner, he did not exhaust his administrative remedies and the court lacks subject matter jurisdiction to hear his discrimination claims." ); and *Tucker v. Reno*, No. Civ. 99-7151-KI, 2001 WL 204826, at *2 (D. Ore. Feb. 1, 2001) (Granting motion to dismiss on ground that EEOC complaint filed "one day late" under 29 C.F.R. § 1614.106(b), and "Tucker suggests no reasons why the statute of limitations should be equitably tolled.").

**B.  Plaintiff Failed to File a Timely Formal EEO Complaint with the Agency.**

29 C.F.R. § 1614.106(b) requires that a formal complaint of discrimination be filed within fifteen days of a complainant's receipt of Notice of Right to File an Individual Complaint. A complaint not filed within fifteen days of receipt of the Notice of Right to File is subject to dismissal in accordance with 29 C.F.R. § 1614.107(a)(2). *See* Complaint, Ex. A thereto (Doc. 1 at 15). On May 3, 2022, Plaintiff's attorney representative in the EEO proceeding was mailed a copy of the Notice of Right to File an Individual Complaint (PS Form 2579) pursuant to 29 C.F.R. § 1614.605(d). (Doc. 1 at 15). The Notice of Right to File an Individual Complaint was delivered and signed for at Plaintiff's representative's address of record on May 6, 2022. (*Id.*). Plaintiff had fifteen days from May 6, 2022, until Monday, May 23, 2022, to file his formal complaint of discrimination. (*Id.* at 16). Plaintiff's formal complaint of discrimination was not filed with the agency, however, until May 27, 2022. (*Id.* at 15). Plaintiff's formal EEO complaint was, therefore, untimely, dismissed by the agency, and his federal court complaint should be dismissed with prejudice because Plaintiff's failure is not excused by waiver, estoppel, or equitable tolling.

**C.  The Relevant Time Limits are Jurisprudential, but a Failure to Comply, Absent Waiver, Estoppel or Equitable Tolling is "Fatal" to Plaintiff's Federal Court Complaint.**

The relevant time limits are "subject to waiver, estoppel and equitable tolling." 29 C.F.R. § 1614.604(c). *See also Boyd*, 752 F.2d at 414 ("A timely filing of an EEOC charge is not a jurisdictional prerequisite to suit…."). *Id.* (*citing Zipes v. Trans World Airlines*, 455 U.S. 385, 393 (1982), and *Ross v. United States Postal Service*, 696 F.2d 720, 722 (9th Cir. 1983)). However, while the time limits are not a "jurisdictional prerequisite for suit in federal court," absent waiver, estoppel or equitable tolling, failure to comply is "fatal to a federal employee's discrimination claim in federal court." *Kraus v. Presidio Tr. Facilities/Residential Mgt. Branch*, 572 F.3d 1039, 1043 (9th Cir. 2009) (referencing pre-filing exhaustion requirement under 29 U.S.C. § 1614.105) (internal quotation marks and citations omitted). Plaintiff's complaint (Doc. 1) is devoid of any allegation of waiver, estoppel or equitable tolling.

"Waiver of the administrative deadlines is allowed only in very limited circumstances, such as where the parties have agreed to extend the time period, or where the agency or the EEOC has specifically ruled that an EEO complaint is timely." *Sager*, 942 F.Supp.2d at 1145, *citing Girard v. Rubin*, 62 F.3d 1244, 1247 (9th Cir. 1995) (Holding that waiver occurred because plaintiff proved the government waived the time limit to raise a discrimination claim when the EEOC issued a final ruling that the complaint was timely filed). There is no showing, or allegation, that the parties agreed to extend the time period for the filing of Plaintiff's formal discrimination complaint. Moreover, the EEO Investigative Services Office issued a final decision dismissing Plaintiff's complaint because it was not timely filed. (Doc. 1 at 14-17). *See also Boyd*, 752 F.2d at 414 ("The mere receipt and investigation of a complaint does not waive objection to a complainant's failure to comply with the original filing time limit when the later investigation does not result in an administrative finding of discrimination."). *Id.* (citations omitted).

"Equitable estoppel, on the other hand, 'focuses primarily on the actions taken by the defendant in preventing a plaintiff from filing suit.'" *Johnson*, 314 F.3d at 414, *quoting Santa Maria v. Pac Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000), *overruled on other grounds by Socop-Gonzalez v. INS*, 272 F.3d 1176, 1194-96 (9th Cir. 2001) (en banc). "'A finding of equitable estoppel rests on the consideration of a non-exhaustive list of factors, including: (1) the plaintiff's actual and reasonable reliance on the defendant's conduct or representations, (2) evidence of improper purpose on the part of the defendant, or of the defendant's actual or constructive knowledge of the deceptive nature of its conduct, and (3) the extent to which the purposes of the limitations period have been satisfied.'" *Johnson*, 314 F.3d at 414, *quoting Santa Maria*, 202 F.3d at 1176. (Internal citation omitted). A defendant that affirmatively misleads or "'takes active steps to prevent the plaintiff from suing in time'" is equitably estopped from asserting plaintiff's failure to timely file a complaint in support of an argument to dismiss the claim. *Johnson*, 314 F.3d at 414, *quoting Santa Maria*, 202 F.3d at 1176. (Internal citation omitted). *See also Boyd*, 752 F.2d at 414 ("[N]othing in this record compels the application of the principle[] of estoppel….Boyd was not affirmatively mislead by a Postal Service official[.]"). *Id.*

"The doctrine of equitable tolling 'has been consistently applied to excuse a claimant's failure to comply with the time limitations where she had neither actual nor constructive notice of the filing period.'" *Johnson*, 314 F.3d at 414, *quoting Leorna*, 105 F.d at 551. Plaintiff was represented by counsel during the relevant time period. (Doc. 1 at 15, 17, 19). "'[O]nce a claimant retains counsel, tolling ceases because she has gained the means of knowledge of her rights and can be charged with constructive knowledge of the law's requirements.'" *Johnson*, 314 F.3d at 414, *quoting Leorna*, 105 F.d at 551. (Internal quotation marks and citations omitted).

### III.  Conclusion

For the reasons above, Defendant respectfully requests that this motion be granted, and an Order entered dismissing the Complaint with prejudice.

RESPECTFULLY SUBMITTED this 18th day of November, 2022.

GARY M. RESTAINO
United States Attorney
District of Arizona

s/*Noel C. Capps*
NOEL C. CAPPS
Assistant United States Attorney
*Attorneys for the United States*

# **CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant(s):

**Leeza Birko**
Copper Canyon Law LLC
43 E 1st Ave.
Mesa, AZ 85210
480-833-3838
Email: lbirko@counxel.com
*Attorney for Plaintiff*

*s/ Celescia A. Broughton*
U.S. Attorney's Office