COUNXEL

*2222 S. Dobson Rd Suite 1104*
*Mesa, Arizona 85202*
*Office: (480) 536-6122*
www.counxel.com
**For Court Use Only: docketing@counxel.com**
Leeza Birko (036745)
LBirko@counxel.com
*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Kesterson, an individual, | Case No. CV-22-01562-PHX-SMM |
| Plaintiff, | |
| vs. | **PLAINTIFF'S RESPONSE TO DEFENDANTS MOTION TO DISMISS** |
| Louis DeJoy Postmaster General; United States Postal Service; WestPac Retail and Delivery Area Agency, | |
| Defendants. | |

Plaintiff, Robert Kesterson, hereby responds to the Motion to Dismiss ("Motion") filed by Defendants on November 18, 2022. The Motion should be denied as the allegations made against Mr. Kesterson are invalid as Mr. Kesterson has filed this Lawsuit properly and timely in accordance with the Notice of Dismissal from the EEOC.

This Response is supported by the following Memorandum of Points and Authorities, the pleadings of record, and the Court's entire file in this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    FACTUAL BACKGROUND

Mr. Kesterson was an employee of the United States Postal Service ("USPS") since

1

November of 2015. Prior to constructive termination, Mr. Kesterson was a city carrier at USPS. Mr. Kesterson was approved for FMLA leave on or around September 13, 2021, for medical and health reasons following his time in the military. Due to the COVID-19 Pandemic, USPS began requiring employees to wear face masks in effort to reduce the spread of COVID-19 and in accordance with the Center for Disease Control's guidelines. On or around July 2021, Mr. Kesterson was diagnosed with a lung issue due to a growth on his lung and had a number of chronic conditions. Due to his chronic conditions, Mr. Kesterson's physician explained to him that wearing a face mask would exacerbate his chronic conditions. Mr. Kesterson was directed to not wear a face mask and to stay home if and when he has symptoms of upper respiratory illness in order to support his immune system.

When Mr. Kesterson received his doctor's instructions, he quickly notified USPS that he was unable to wear a face mask due to the underlying lung issue he was diagnosed with.   USPS pressured Mr. Kesterson to wear a face mask a number of times and issued a Letter of Warning on December 27, 2021, for noncompliance of the face mask requirement, although he notified USPS that he was unable to wear the face mask due to his physician's orders. On January 6, 2022, Mr. Kesterson's physician supplied him with a letter of medical exemption. On January 7, 2022, Mr. Kesterson submitted the letter of medical exemption to USPS. USPS treated Mr. Kesterson's inability to wear a face mask as a refusal and unwillingness to follow direct orders, and processed to place him on an Emergency Placement until February 3, 2022.

On or around December 22, 2022, USPS conducted a fact-finding investigation in

relation to Mr. Kesterson's inability to wear a face mask. On or around January 6, 2022, Mr. Kesterson's physician supplied him with a letter exempting him wearing a face mask due to his health conditions. On February 2, 2022, Mr. Kesterson attended a District Reasonable Accommodation Committee ("DRAC") meeting to discuss reasonable accommodations for him to return to work. USPS guaranteed Mr. Kesterson that he would receive accommodations of a later start time in order to avoid contact with other employees. Following the DRAC meeting, Mr. Kesterson was told to not return to work until February 7, 2022.

When Mr. Kesterson returned to work on February 7, 2022, his mail case with the mail that was to be delivered that day, was moved from inside the building to the outside near the parking lot and within direct sunlight. Mr. Kesterson's mail case was not protected by anyone or anything and therefore risked peoples' mail being tampered with, stolen, lost, etc. Mr. Kesterson's PTSD was triggered when he showed up to work on February 7, 2022. and found his case of mail located outside, but regardless he continued working and delivered the mail. The new location of Mr. Kesterson's mail case was never discussed or addressed in his accommodations and therefore he did not know about it until he showed up to work on February 7, 2022. On February 7, 2022, Mr. Kesterson's access to the building was also limited and was denied access to the restroom.

The following day, on February 8, 2022, a USPS employee was visiting the site to check in on Mr. Kesterson's accommodations and Mr. Kesterson's mail case was moved back inside the building, yet not in its usual spot. During the workday, Mr. Kesterson found a face mask placed on his mail case ledge but did not know who placed it there, he was

3

unsure why it was there, and did not know whether it was used or new; therefore, Mr. Kesterson threw it out. The following day there was another mask placed on his desk and Mr. Kesterson reported it to management because of his reasonable concerns that he was being discriminated, taunted and/or harassed by other employees.

On February 9, 2022, Mr. Kesterson's accommodations were changed without prior notice and required Mr. Kesterson to get clearance from his physician for a second time. Mr. Kesterson's PTSD was heightened due to the stress of the unreasonable accommodations and went on FMLA between February 9, 2022 through February 10, 2022. USPS conducted another fact-finding investigation on February 10, 2021, related to the face mask being placed on Mr. Kesterson's desk continuously. Mr. Kesterson went back to work on February 11, 2022 but his Supervisor, Patrisha Wolfe, denied Mr. Kesterson's ability to work because he allegedly did not get clearance from his physician.

During the fact-finding investigation, the Acting Postmaster at the time, Erica Ibuano, came into Mr. Kesterson's meeting with the union representative and began aggressively blaming Mr. Kesterson for creating a hostile work environment. Mr. Kesterson's PTSD was triggered due to the anxiety and stress the Postmaster's tone caused.

On or around February 12, 2022, Mr. Kesterson received medical clearance. On or around March 1, 2022, Mr. Kesterson's FMLA guidelines were extended from one (1) to two (2) days a week to up to six (6) days a week for his PTSD. Mr. Kesterson formalized a Charge of Discrimination in February 2022, with the United States Postal Service EEO Dispute Resolution Specialists, citing sex, racial, mental, and physical disability discrimination.

The EEO issued its Dismissal of Formal EEO Complaint and Notice of Suit Rights for the charge on June 26, 2022. Mr. Kesterson pursued a civil action against Defendants within the 90-day period granted by the EEO.

## MEMORANDUM OF POINTS AND AUTHORITIES

The allegations in Defendant's Motion go beyond what was discussed during conferral among the parties' attorneys, which did not grant Plaintiff's counsel the ability to amend the Complaint if needed. First, Mr. Kesterson served the Complaint and Summons on the U.S. Attorney. According to the Motion, this was not sufficient process; however, that was not addressed with Plaintiff's attorney and therefore no opportunity to amend was granted. Second, the named Defendants are proper as stated in the EEOC Dismissal Notice that grants Mr. Kesterson the ability to file a civil action. And lastly, the ADA and ACRA claims brought by Mr. Kesterson are valid and the ADA claims have the same standard as the Rehabilitation Act that Defendant's Motion references.

### I.   The United States Attorney for the District was Properly Served Under Rule 4(i)(2) of the Federal Rules of Civil Procedure

Rule 4(i)(2) requires that plaintiff serve the United States under Federal Rule 4(i)(a), which provides that, to serve the United States properly, a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States

attorney's office;

(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

(C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1).

"Rule 4(i) also contains a cure provision giving parties who are required to serve process on the United States but failed to do so "a reasonable time" to cure such a failure. This provision requires the court to "allow a party a reasonable time to cure its failure to: (A) serve a person required to be served under Rule 4(i)(2), if the party has served either the United States Attorney or the Attorney General of the United States; or (B) serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee." *Mayes v. United States Postal Serv*., No. 19-CV-355 (JLS), 2020 WL 2465086, at *2 (W.D.N.Y. May 13, 2020) (citing *Kurzberg v. Ashcroft*, 619 F.3d 176, 184 (2d Cir. 2010); Fed. R. Civ. P. 4(i)(4)(A)-(B)).

"District courts have broad discretion to extend time for service under Rule 4(m)." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). The Supreme Court determined that the 120day time period for service operates as an "irreducible allowance." *Id*. (citing *Henderson v. United States*, 517 U.S. 654, 661, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996)). Further, rule 4(m) explicitly grants a district court the authority to grant plaintiff an extension to serve the complaint and summons *after* the 120-day period. *Id*. (citing *Mann*

*v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003)). "On its face, Rule 4(m) does not tie the hands of the district court after the 120–day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint after that 120–day period." *Mann,* 324 F.3d at 1090–91. "In making extension decisions under Rule 4(m) a district court may consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Efaw*, 473 F.3d at 1038 (citing *Troxell v. Fedders of N. Am., Inc*., 160 F.3d 381, 383 (7th Cir.1998)).

On September 26, 2022, the certificates of service for USPS, DeJoy, and WestPac were properly filed. The certificates show that, on September 21, 2022, Plaintiff served the Administrative Assistant for the United States Attorney for the District of Arizona at 40 Central Ave. Suite 1800, Phoenix, AZ, 85004. [Dkt No. 6-8]. This service of process was effectuated within the 120-day period.

In the November 4, 2022 letter from Defendants' counsel in accordance with Local Rule 12.1(c), stated that the Motion would be filed, in part, for Plaintiff's failure to exhaust administrative remedies. [Dkt No. 9-1; pg 5]. However, in a follow up email from Defendants' counsel, the position for the Motion then shifted to Plaintiff not filing the formal complaint timely. [Dkt No. 9-1; pg 6]. During the phone conversation on November 17, 2022 with Defendants' counsel to confer about Defendants' intent to file the Motion, it was clear that the Motion was to be made on the basis of an untimely filing of the formal complaint – which is false. However, the Motion that has been filed includes allegations that (1) Plaintiff did not exhaust administrative remedies; (2) service of process was not

proper under Rule 4(i)(2); (3) named Defendants were not proper; and (4) the ADA and ACRA claims do not apply. None of these issues were addressed during the phone conversation on November 17, 2022. Further, the November 4, 2022 letter only addressed the third and fourth issues mentioned above.

If this Court finds that Plaintiff did not properly serve the Defendants in accordance with Rule 4(i), it is requested that this Court grant an opportunity to cure within a reasonable time. Thus, attached to this Motion are copies of the mailings of the Complaint and Summons to the Attorney General of D.C. and the General Counsel of USPS and a Certificate of Service. **Exhibit A.**

## II.  Mr. Kesterson Exhausted All Administrative Remedies and Filed this Civil Suit Timely with the Proper Defendants in the Caption

29 C.F.R § 1614.105(a)(2) grants the agency or the Commission the authority to extend the 45-day time limit under 29 C.F.R § 1614.105 (a)(1) if the complainant was not notified of the time limits and was not otherwise aware of the, or did not know or could not reasonably have known about the time limit.

"Like the Rehabilitation Act, the ADA contains no statute of limitations. Title II of the ADA incorporates the same rights, remedies, and procedures as the Rehabilitation Act. In Tyler v. City of Manhattan, 857 F.Supp. 800, 812 (D.Kan.1994), an action brought under Title II of the ADA, the court ruled that it had jurisdiction notwithstanding the plaintiff's failure to exhaust his administrative remedies. The court cited to a section in 28 C.F.R. Part 35 for the proposition that compliance procedures provide a private right of action for persons with disabilities, who need not first exhaust federal administrative

remedies." *Madden-Tyler v. Maricopa Cnty*., 189 Ariz. 462, 469, 943 P.2d 822, 829 (Ct. App. 1997) (citations omitted). "[T]he procedures for Title II and the Rehabilitation Act are the same and exhaustion of administrative remedies is required for neither[.]" *Id*.

The EEOC did not offer an extension for the time limit for Mr. Kesterson's filing; however, he was given other options. The EEOC dismissed Mr. Kesterson's charges as stated in the June 16, 2022 dismissal letter. Mr. Kesterson timely notified and filed a charge with the EEOC/EEO against USPS for discrimination, but the charge was formally filed after the 15-day period. However, the EEOC gave Mr. Kesterson the option to either (1) appeal to the EEOC within 30 calendar days for the dismissal due to the untimely filing of the formal complaint, or, in lieu of filing an appeal, (2) file a civil action in the appropriate U.S. District Court within 90 calendar days from receipt of the letter.

Mr. Kesterson chose the latter option and filed this Lawsuit.

Mr. Kesterson filed his formal complaint with the EEOC on May 27, 2022. On or around June 16, 2022, Mr. Kesterson received a dismissal of the case, along with the right to file a civil action letter from the EEOC, which was attached to the Complaint. [Dkt No. 1; pg 14]. The letter granted Mr. Kesterson the ability to bring a civil action in the appropriate U.S. District Court within ninety (90) calendar days from receipt of the June 16, 2022 letter.

Thus, Mr. Kesterson was authorized to file a civil suit no later than September 14, 2022. Further, the June 16 letter explicitly states that the caption for the civil action *should* include Louis DeJoy, Postmaster General and U.S. Postal Service. It did not restrict other defendants, such as WestPac Retail and Delivery Agency from being named as well.

Therefore, the Defendants' allegations that Mr. Kesterson did not exhaust his remedies are invalid and this Lawsuit was filed properly and timely under the option granted by the EEOC to file a civil suit.

### III.   The Claims Brought in this Lawsuit Under the ADA Share the Same Standard as Those in The Rehabilitation Act

"Under our precedent, federal employees may bring disability discrimination claims against the Government under either § 501 or § 504 of the Rehabilitation Act. Some circuits disagree, holding that § 501 is the exclusive right of action for federal employees. These courts reason that it makes 'no sense for Congress to provide ... different sets of remedies ... for the same wrong committed by the same employer.' The controlling issue here, however, is the burden of proof for the causation connection between disability discrimination and the employment decision under § 501. … DOE responds that § 501 uses the same standard as § 504 of the Rehabilitation Act, where "[l]iability can only be found when the discrimination was 'solely by reason of her or his disability,' not when it is simply a 'motivating factor.'" *Pinkerton v. Spellings*, 529 F.3d 513, 515–16 (5th Cir. 2008).

The *Pinkerton* court determined the ADA does not require "sole causation." "The proper causation standard under the ADA is a "motivating factor" test. This is consistent with the law of other circuits[.] …. 'Under the ADA, "discrimination need not be the sole reason for the adverse employment decision, [but] must actually play a role in the employer's decision making process and have a determinative influence on the outcome." This rule governs cases under Section 501 of the Rehabilitation Act as well." *Id*. at 519.

In addition to these arguments, it is unclear as to what arguments Defendants form

for the ACRA claims not being valid. The Motion makes legal conclusions that the ACRA claims should be dismissed but provide no reasoning as to why. Thus, these claims should not be dismissed.

Therefore, the claims brought in the Complaint under the ADA are valid and require the same review as they would under the Rehabilitation Act. However, if this Court requires Mr. Kesterson to amend the Complaint, it would not be futile as it has been made clear that Mr. Kesterson exhausted his administrative remedies and filed this Lawsuit timely and properly. Additionally, the ACRA claims should not be dismissed as Defendants state no reason as to why.

## IV.    CONCLUSION

Based on the foregoing, undersigned counsel requests that this Court deny the Motion to Dismiss and that the Court award Plaintiff his attorney's fees for responding to this improper Motion to Dismiss.

RESPECTFULLY SUBMITTED this 2nd day of December, 2022.

COUNXEL LEGAL FIRM

*/s/ Leeza Birko*
Leeza Birko
2222 S. Dobson Rd. Suite 1104
Mesa, AZ  85202
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 2, 2022, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to the following CM/ECF Registrant:

GARY M. RESTAINO
United States Attorney
District of Arizona
NOEL C. CAPPS
Assistant U.S. Attorney
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4449
Noel.Capps@usdoj.gov


*/s/ Cara Eells*

Exhibit A

COUNXEL

*2222 S. Dobson Rd Suite 1104*
*Mesa, Arizona 85202*
*Office: (480) 536-6122*
*www.counxel.com*
**For Court Use Only: docketing@counxel.com**
Leeza Birko (036745)
LBirko@counxel.com
*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Kesterson, an individual, | Case No. CV-22-01562-PHX-SMM |
| Plaintiff, | |
| vs. | **CERTIFICATE OF SERVICE BY MAIL** |
| Louis DeJoy Postmaster General; United States Postal Service; WestPac Retail and Delivery Area Agency, | |
| Defendants. | |

NOTICE IS HEREBY GIVEN that Cara Eells at Counxel Legal Firm, has served Defendants via Certified Mail to the General Counsel for the USPS and Attorney General of the United States at Washington D.C, on Friday, December 2, 2022. Pictures of envelopes and tracking numbers attached as Exhibit 1.

RESPECTFULLY SUBMITTED this 2nd day of December, 2022.

COUNXEL LEGAL FIRM

*/s/ Leeza Birko*
Leeza Birko
2222 S. Dobson Rd. Suite 1104
Mesa, AZ  85202
*Attorney for Plaintiff*

1

## __CERTIFICATE OF SERVICE__

I hereby certify that on December 2, 2022, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to the following CM/ECF Registrant:

GARY M. RESTAINO
United States Attorney
District of Arizona
NOEL C. CAPPS
Assistant U.S. Attorney
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4449
Noel.Capps@usdoj.gov


*/s/ Cara Eells*

Exhibit 1





CERTIFIED MAIL



7021 1970 0001 7417 1178

General Counsel
U.S. Postal Service
475 L'Enfant Plaza SW
Washington, DC 20260



CERTIFIED MAIL





7021 1970 0001 7417 1123

Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee

$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)      $ _____
☐ Certified Mail Restricted Delivery  $ _____
☐ Adult Signature Required         $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage

$

Total Postage and Fees

$

Sent To    Attorney Generals

Street and Apt. No., or PO Box No.

7021 1970 0001 7417 1123

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

7021 1970 0001 7417 1123

---

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee

$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)      $ _____
☐ Certified Mail Restricted Delivery  $ _____
☐ Adult Signature Required         $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage

$

Total Postage and Fees

$

Sent To    USPS General Counsel

Street and Apt. No., or PO Box No.

7021 1970 0001 7417 1178

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

7021 1970 0001 7417 1178