GARY M. RESTAINO
United States Attorney
District of Arizona
NOEL C. CAPPS
Assistant U.S. Attorney
Arizona State Bar No. 014361
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4449
Telephone: (602) 514-7500
Main Fax:  (602) 514-7693
Email: Noel.Capps@usdoj.gov
*Attorneys for Louis DeJoy, U.S. Postmaster General*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Kesterson, an individual,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Louis DeJoy Postmaster General; United States Postal Service; WestPac Retail and Delivery Area Agency,<br><br>　　　　　　Defendants. | No. CV-22-01562-PHX-SMM<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS** |

Defendant Louis DeJoy, Postmaster General, submits this reply to Plaintiff's Response to Defendants Motion to Dismiss (Doc. 10) ("Response"). Respectfully, the Motion should be granted because Plaintiff's complaint fails to state a claim upon which relief can be granted under the Americans with Disabilities Act ("ADA") or the Arizona Civil Rights Act.[1] Plaintiff was a federal employee (United States Postal Service). (Response at 1:22). The Parties agree that his formal EEO Complaint was dismissed as stated in the June 16, 2022 Dismissal of Formal EEO Complaint attached to the complaint. (Doc. 1 at 14-17; Response at 9:5-6). Plaintiff's exclusive remedy, as a federal employee, for his alleged discrimination on the basis of disability claims lies under § 501 of the Rehabilitation Act (29 U.S.C. § 791). *Boyd v. U.S. Postal Service*, 752 F.2d 410, 413 (9th Cir. 1985). "In order to bring a claim under the Rehabilitation Act, a federal employee must

---

[1] The ADA and Arizona Civil Rights Act claims should also be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). *See* Motion (Doc. 9 at 5, n.1).

exhaust available administrative remedies." *Cherosky v. Henderson*, 330 F.3d 1243, 1245 (9th Cir. 2003). However, Plaintiff did not exhaust available administrative remedies because he failed to file a formal complaint or charge of discrimination with the agency that allegedly discriminated against him within 15 days of receipt of the notice of the right to file such complaint. (*See* Doc. 1 at 15-16; Response at 9:6-8 ["the charge was formally filed after the 15-day period.]"). Plaintiff's failure to comply with this administrative requirement to file a timely formal complaint of discrimination with the EEO is fatal to his federal court complaint because he does not assert, let alone establish, that his failure to timely file a formal complaint of discrimination with the EEO is excused by waiver, estoppel, or equitable tolling. Therefore, amendment would be futile.

### A.  The Response Does Not Address Any Authority Cited in the Motion.

Plaintiff fails to acknowledge or address the legal authority cited in the Rule 12(b)(6) section of the Motion. Plaintiff cites inapposite decisions addressing claims by non-federal employees asserted under, *inter alia*, the ADA and/or § 504 (29 U.S.C. § 794) of the Rehabilitation Act.[2] *See Tyler v. City of Manhattan*, 857 F. Supp. 800, 812, 817 (D. Kan. 1994) (Private citizen complaint against city under Title II of ADA); *Madden-Tyler v. Maricopa County*, 943 P.2d 822, 825 (App. 1997) (Action against county by former county employee under the ADA, § 504 of the Rehabilitation Act, 42 U.S.C. § 1983, asserted violation of public policy, and tortious interference with contract). The Response relies on statements in these cases that there is no exhaustion of administrative remedies requirement for claims by non-federal employees under the ADA or § 504 of the Rehabilitation Act. (Response at 8:15 – 9:3; 10:5-14) (*citing Tyler*, 857 F. Supp. at 812; *Madden-Tyler*, 943 P.2d at 829; and *Pinkerton*, 529 F.3d at 515-516). These non-controlling cases are not relevant. First, unlike the plaintiffs in *Tyler* and *Madden-Tyler*, Mr. Kesterson was a federal employee at all relevant times. (Doc. 1 at 2 ¶ 4). Second, Mr. Kesterson's exclusive remedy lies under § 501, not § 504, of the Rehabilitation Act. *See*

---

[2] The plaintiff in *Pinkerton v. Spellings*, 529 F.3d 513 (5th Cir. 2008) was a former federal employee (Department of Education) who asserted claims under both §§ 501 and 504 of the Rehabilitation Act. *See id.* at 514 ("The precedent of this circuit allowed his suit under both sections of the Act".). *Id.*

*Boyd*, 752 F.2d at 413-414 (Rejecting plaintiff's "tactical arguments" seeking to "avoid the requirement of exhaustion by contending that his claim may be brought under section 504" – "we cannot accept the argument that he should be able to invoke section 504 to circumvent those exhaustion requirements. We therefore hold[]…that section 501 is the exclusive remedy for discrimination in employment by the Postal Service on the basis of handicap."). *Id. citing McGuinness v. United States Postal Service*, 744 F.2d 1318, 1321 (7th Cir. 1984). *See also Cherosky*, *supra*. Third, there is no remedy under the ADA for federal employees. *See e.g. Jackson v. Napolitano*, CV-09-1822-PHX-LOA, 2010 WL 94110, at *3 (D. Ariz. Jan. 5, 2010) ("[F]ederal courts have concluded that the ADA provides no remedy to federal employees.") *id.* (internal quotation marks and citation omitted). Fourth, federal agency interpretation of regulations governing Title II of the ADA are not relevant. (Response at 8:19-20) (*citing* the court's reference in *Tyler*, 857 F. Supp. at 812, to 28 C.F.R. Part 35, App. A, Subpart F).

    **B. The Filing of the Federal Court Complaint Within 90-Days of the Dismissal of Formal EEO Compliant is Immaterial to the Motion.**

  The Response trumpets the fact that the federal court complaint was filed within 90-days of the Dismissal of Formal EEO Complaint. (Response at 5:2-3; 9:10-12, 16-20; 10:2-3; 11:7-8). The argument misses the mark. The relevant fact—and as conceded in the Response—is that Mr. Kesterson failed to file his formal EEO Complaint of Discrimination within 15-days of receipt of the Notice of Right to File Individual Complaint of Discrimination pursuant to 29 C.F.R. § 1614.106(b). (Doc. 1 at 15; Response at 9:6-8). While the time limits are not a "jurisdictional prerequisite for suit in federal court," absent waiver, estoppel or equitable tolling, failure to comply is "fatal to a federal employee's discrimination claim in federal court." *Kraus v. Presidio Tr. Facilities/Residential Mgt. Branch*, 572 F.3d 1039, 1043 (9th Cir. 2009) (internal quotation marks and citations omitted).

**C.     The United States Postal Service and WestPac Retail and Delivery Area Agency Are Not Proper Defendants.**

The United States Postal Service and WestPac Retail and Delivery Area Agency are not proper defendants. The Response ignores 42 U.S.C. § 2000e-16(c), and instead references a sentence in the Dismissal of Formal EEO Complaint attached to the federal court complaint. (Response at 9:19-22). The reference in the Response to the particular sentence in the Dismissal of Formal EEO Complaint omits a comma and replaces it with an "and". (Response at 9:21) ("and U.S. Postal Service."). However, the referenced sentence in the Dismissal actually states: "If you choose to file a civil action, that action should be captioned **Robert L. Kesterson vs. Louis DeJoy, Postmaster General, U.S. Postal Service.**" (Doc. 1 at 17) (bold in original). *Cf.* 42 U.S.C. § 2000e-16(c) ("[T]he head of the department, agency, or unit, as appropriate, shall be the defendant.")

**D.     The Bases for the Motion Were Covered in the Meet and Confer Process.**

Setting aside the service issues, which were expected to be cured—and are, apparently, so in-process (*see* Response, Ex. A, at 13-18; and Doc. 11)—the primary bases for the Motion were properly addressed in the meet and confer process. (*See* Doc. 9-1). *Cf.* Response at 5:5-13. Specifically, the failure to state a claim under the ADA or Arizona Civil Rights Act was addressed; the futility of any amended claims under the Rehabilitation Act was addressed (because plaintiff failed to exhaust administrative remedies by filing an untimely formal EEO complaint); and the naming of improper defendants United States Postal Service and WestPac Retail and Delivery Area Agency was addressed. (Doc. 9-1).

**E.     Conclusion.**

For the reasons above and as further explained in the Motion, Defendant respectfully requests that the Motion to Dismiss be granted.

RESPECTFULLY SUBMITTED this 9th day of December, 2022.

        GARY M. RESTAINO
        United States Attorney
        District of Arizona

        s/*Noel C. Capps*
        NOEL C. CAPPS
        Assistant United States Attorney
        *Attorneys for Louis DeJoy, U.S. Postmaster General*

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 9, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant(s):

**Leeza Birko**
Copper Canyon Law LLC
43 E 1st Ave.
Mesa, AZ 85210
480-833-3838
Email: lbirko@counxel.com
*Attorney for Plaintiff*


*s/ Celescia A. Broughton*
U.S. Attorney's Office